SUPERIOR COURT 
 
 KIRK ALLEN[1] vs. MATTHEW CHRISTENSEN & Others[1]

 
 Docket:
 2284CV02756-BLS2
 
 
 Dates:
 January, 2025
 
 
 Present:
 Debra A. Squires-Lee
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER ON DEFENDANTS’ MOTION FOR SPOLIATION SANCTIONS
 
 

             Kirk Allen (Allen) worked for Rose Park Advisors, LLC (Rose Park) from 2012 until he was fired in 2020. Allen thereafter filed suit against Rose Park, Disruptive Innovation GP, LLC (Disruptive), and Matthew Christensen (Christensen) (together Defendants), alleging that Christensen refused to honor his promise that Allen would share in Rose Park’s and Disruptive’s profits. After resolution of Defendants’ Motion to Dismiss, Allen has two claims remaining in this case: one for promissory estoppel and one for unjust enrichment or quantum meruit. For its part, Rose Park has asserted two counterclaims against Allen for breach of contract and conversion stemming from Allen’s retention of Rose Park’s allegedly confidential and proprietary documents and electronic files after his termination.
            Now before me is Defendants’ Motion for Spoliation Sanctions (Motion). After hearing and review, the Motion is ALLOWED.
 
--------------------------------------------
 
[1] Disruptive Innovation GP, LLC and Rose Park Advisors, LLC
 
                                                            -1-
 
BACKGROUND
            I have carefully reviewed the record before me. Defendants have established the following.[2]
            First, Allen was aware that litigation was likely no later than September 16, 2020.[3] 
            Second, at all times, Allen understood his obligations to preserve and not destroy evidence.
            Third, in November 2020, approximately one month after his termination from Rose Park, and very shortly before Allen returned his two company-issued laptops to Rose Park, Allen conducted a factory reset on each laptop. A factory reset cannot be performed accidentally but requires several affirmative steps. Such a reset erases all data, applications, and settings from the hard drive and makes it impossible to analyze user activity on the computer before the reset. Had Allen simply un-synced the laptops from Dropbox – the web application Rose Park used to manage its files – before returning the laptops, they still would have contained non-Dropbox files, files downloaded from the web to the laptop, and Allen’s web browsing history, connection history, and activity of recently accessed files and folders.
 
--------------------------------------------
 
[2] Because this motion seeks sanctions for spoliation, I have not addressed the evidence before me of Allen’s retention of and use of alleged Rose Park confidential information and documents including, for example, 2,000 pages of handwritten notes which Allen returned to Rose Park in February 2024. While that evidence is relevant to Rose Park’s counterclaims, it is not relevant for purposes of this motion. I discuss here only the information which I conclude was destroyed or deleted and therefore spoliated.
[3] Although Defendants presented evidence that the relationship between Allen and Christensen began to break down in 2019, and Allen had made an “offhand comment” in late 2019 that he would “sue” if he did not get what he wanted, I do not find that he understood then that a lawsuit was likely. However, when Allen began communicating with counsel – which he did by September 2020 – he was, and any reasonable person would have been, on notice that a lawsuit was both possible and likely.
 
                                                            -2-
 
            Fourth, the forensic analysis of Allen’s Gmail email account shows that at some point after mid-September 2020, Allen selectively deleted ten emails to or from his brother, Ken Allen, including a clearly highly relevant email he sent to his brother on April 4, 2020. These emails are presently listed on Ken Allen’s privilege log. The forensic analysis also indicates that Allen potentially deleted other relevant emails from his Gmail account.
            Finally, in May 2022, Allen reformatted two of the three USB flash drives in his possession that contained Rose Park documents, resulting in the deletion of data that had been contained on those flash drives.
            Based on the above, I conclude that, at a time when Allen knew litigation was likely and was aware of his preservation obligations, Allen: (I) deliberately wiped his work laptops before returning them to Rose Park, causing the permanent loss of all of the information contained on those laptops; (ii) selectively deleted relevant and perhaps other emails from his Gmail account; and (iii) deleted all of the data contained on two USB flash drives.
            As a sanction for Allen’s spoliation, Defendants ask that (I) Allen’s claims be dismissed; (ii) Defendants be permitted to introduce evidence of spoliation at trial; (iii) the Court provide a spoliation instruction to the jury; and (iv) Allen be ordered to produce the emails appearing on Ken Allen’s privilege log that did not appear in Allen’s Gmail account and were withheld on the basis of attorney work product. Defendants also seek recovery of the costs incurred in investigating spoliation, including the costs of the forensic neutral and the forensic expert they hired, and the attorney’s fees associated with this motion.
DISCUSSION
            “The destruction of relevant evidence . . . has a pernicious effect on the truth- finding function of our courts.” Scott v. Garfield, 454 Mass. 790, 798 (2009), quoting Fletcher v. Dorchester Mut. Ins. Co., 437 Mass. 544, 553 (2002). “[A] party who has
 
                                                            -3-
 
negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding should be held accountable for any unfair prejudice that results.” Keene v. Brigham & Women’s Hosp., Inc., 439 Mass. 223, 234 (2003).
            The obligation to preserve and not destroy evidence begins when a party is “actually involved in litigation (or know[s] that they will likely be involved)” in litigation. Fletcher, 437 Mass. 544 at 549–550; see also Keene, 439 Mass. at 234 (spoliation sanctions appropriate because defendant failed to preserve evidence after it “should have been aware of a likely claim”).
            “Massachusetts affords a greater range of remedies for spoliation than the majority of jurisdictions, which limit relief to permitting an adverse inference against the responsible party.” Scott, 454 Mass. at 798-799, quoting Gath v. M/A–Com, Inc., 440 Mass. 482, 488 (2003). For example, “a judge may exclude evidence.”  Scott, 454 Mass. at 799. Moreover, a judge can impose multiple remedies for the spoilation “as determined by the judge from the circumstances of each case, in the exercise of broad
discretion.” Gath, 440 Mass. at 488. A judge, however, should generally “impose the least severe sanction necessary to remedy the prejudice to the nonspoliating party.” Keene, 439 Mass. at 235.
            Allen’s conduct – the deliberate wiping of laptop hard drives and USB flash drives and the deletion of relevant email evidence – is unacceptable, pernicious, anathema to the fair administration of justice, and will not be tolerated.[4] Sanctions are therefore well warranted. Allen’s arguments in opposition lack merit.
            First, Allen’s contention, reflected in his self-serving affidavit, that he used an “automated reset” in connection with the laptops and that doing so was “consistent with [Rose Park’s] practice and precedent” is not persuasive. As discussed above and
 
--------------------------------------------
 
[4] I am particularly troubled that Allen wiped his work laptops after he had consulted counsel and certainly was contemplating legal action. Were such conduct permitted without consequence the entire civil justice system would suffer.
 
                                                            -4-
 
detailed by Defendants’ digital forensic expert, a factory reset requires several affirmative steps; it is not automated. Moreover, Allen’s assertion is contradicted by the evidence that Rose Park employees were obligated to return all Rose Park documents upon termination of employment – not delete data from their laptops.
            Second, Allen’s assertion, also reflected in his affidavit, that he ensured that all “documents” were saved in Dropbox prior to the resets is irrelevant. The resets deleted more than documents that were or could have been preserved on Dropbox. Absent the factory resets, other relevant and discoverable information could have been obtained from the laptops including, as noted, web browsing history, USB connection history, activity of recently accessed files and folders, and other material downloaded from the web. A party’s preservation obligations apply to all relevant evidence – not just “documents” – including forensic information discernable from a computer.
            Next, Allen’s argument that there is no spoliation because Defendants cannot prove precisely what is “missing” from the laptops or flash drives is meritless. If that were the law – i.e., that spoliation could not be found in circumstances where a litigant wipes a computer clean or deletes other electronic data in locations where relevant documents and other information is likely to be found – the significant document preservation obligations imposed by the Supreme Judicial Court would be utterly meaningless.[5] Indeed, it would reward those litigants who are most brazen in the scope of their destruction of electronic evidence. Cf. Rodriguez v. Atrius Health, Inc., 2023 WL 5803872, at *4 (Mass. Super. July 20, 2023) (the ”failure to specifically identify the [destroyed documents] is not determinative of the scope of [a party’s] preservation obligation. Were that not true, parties . . . could effectively, and improperly, shift the burden of identifying and preserving evidence to an opponent. The law places this
 
--------------------------------------------
 
[5] The laptops were Rose Park issued laptops. It is eminently reasonable to conclude that a myriad of relevant data relating to the claims and counterclaims – not including “documents” – would be located on the laptops.
 
                                                            -5-
 
burden squarely on the shoulders of the party in possession of the evidence, regardless of any requests made by an opposing party.”); Nation–Wide Check Corp. v. Forest Hills, 692 F.2d 214, 217–218 (1st Cir. 1982) (Breyer, J.) (loss or destruction of documents “is sufficient by itself to support an adverse inference even if no other evidence for the inference exists,” so long as a “party had notice that the documents were relevant at the time he failed to produce them or destroyed them”). Further, Defendants have established precisely what was lost: metadata and other forensic information from the laptop hard drives and USB flash drives as well as specifically identified emails.
            Finally, I disagree with Allen that Defendants have not suffered any prejudice. This case concerns an alleged promise to Allen from Christensen regarding Allen’s compensation and Allen’s purported unlawful retention of Rose Park’s confidential information. As such, the credibility of Allen, Christensen, and potentially other witnesses will be front and center. Because Defendants cannot forensically examine in detail Allen’s work laptops, flash drives, and emails, they have potentially lost relevant evidence that could bolster their own credibility and weaken that of Allen. And, ultimately, they are prejudiced because they do not know what they do not know, and the only reasonable inference is that most of the information destroyed would likely have been relevant to this case.
            Although I find that Allen intentionally deleted information from his laptops, email account, and two flash drives, I decline to grant Defendants’ request that I dismiss Allen’s claims.  None of the cases to which Defendants cite persuade me that dismissal is required here, particularly where Allen’s conduct was not undertaken in direct contradiction to a Court order; Courts generally prefer that disputes be decided on the merits; and I have concluded, in my discretion, that lesser sanctions, detailed in the Order below, are sufficient to remedy the unfairness caused Defendants.
            I also decline, at least at this time, to grant Defendants’ request that I order Allen to produce the emails appearing on Ken Allen’s privilege log that did not appear in
 
                                                            -6-
 
Allen’s Gmail account and were withheld on the basis of attorney work product. As Allen argues, absent in camera review, I am unable to discern whether the documents withheld on Ken Allen’s privilege log constitute work product and whether the protections of the doctrine have been waived.
ORDER
            For the foregoing reasons,
(1)       Defendants may introduce evidence of Kirk Allen’s spoliation of evidence as found and detailed above and cross-examine Allen regarding said spoliation;
(2)       the Court will give a negative inference spoliation instruction at the trial of this matter including that (a) the jury may infer that relevant material existed on Allen’s work laptops, Gmail email account, and the two USB flash drives, but that such material was not recovered due to Allen’s misconduct; (b) the jury may infer that the missing material would have provided evidence inconsistent with Allen’s claims and / or consistent with Rose Park’s counterclaims; and (c) the jury may consider Allen’s spoliation misconduct when weighing and evaluating Allen’s credibility;
(3)       Allen shall produce the emails on Ken Allen’s privilege log for in camera review within ten days;
(4)       Allen shall pay all fees and costs associated with the instant Motion; and
(5)       Defendants shall file a Motion for Fees and Costs detailing attorney fees and costs incurred in connection with the instant Motion within thirty days pursuant to Superior Court Rule 9A and include therein appropriately redacted invoices.[6]
SO ORDERED